# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

In re: David Worthington and
   Rose Worthington,

   Debtors.

   Case No. 20-41035-7

_____

Ilene J. Lashinsky,
United States Trustee,

  Plaintiff,

v.

Consumer Capital Advocates, LLC,

  Defendant.

Adversary Proceeding
No. 21-_____

## Complaint Under 11 U.S.C. § 526

**I. Parties, Jurisdiction, and Venue**

1. Plaintiff Ilene J. Lashinsky is the United States Trustee for Region 20, which includes the District of Kansas.

2. Under 11 U.S.C. §§ 307 and 526, the United States Trustee has standing to bring this complaint.

3. Defendant Consumer Capital Advocates, LLC is not registered with the Kansas Secretary of State but is registered with the Florida Secretary of State.

4. Defendant's registered agent is Jenssen Varela at 3221 NW 10th Terrace, Suite 502, Oakland Park, FL 33309.

5. Rose Worthington is one of the debtors in the main chapter 7 bankruptcy case.

6. The United States Trustee brings this complaint under 11 U.S.C. §§ 105(a) and 526 and Fed. R. Bankr. P. 7001(1), 7001(7), and 7065.

7. Under 28 U.S.C. §§ 157 and 1334, 11 U.S.C. § 105(a) and § 526, and D. Kan. R. 83.8.5, this is a core proceeding and the Court has jurisdiction to hear this complaint.

8. Under 28 U.S.C. § 1409(a), venue properly lies in this Court.

9. Under Fed. R. Bankr. P. 7008, the United States Trustee consents to entry of a final order or judgment by the Bankruptcy Court.

## II. General Allegations

10. Consumer Capital Advocates, LLC bills itself as a company that specializes in lowering and settling unsecured debt.[1] It tells clients that this is how it works:

   1) Free consultation with an expert debt counselor.
   2) Create custom debt resolution program.
   3) Make one low program payment each month.
   4) Our negotiators go to work.
   5) Your debt is resolved! On your behalf.

11. In explaining its services, CCA tells prospective clients that the "most widely made mistake is attempting to solve [debt problems] alone," as it will take a "ridiculously long amount of time. You may not even see the end of it without bankruptcy."[2]

12. Around October 4, 2018, the defendant got the debtor to sign up for its Debt Resolution Program and instructed her to make monthly payments of $689.28 to Global Client Solutions, the defendant's agent.

13. The debtor made nine payments of $689.28 between November 2018 and July 2019, for a total of $6,203.52.

---

[1] https://consumercapitaladvocates.net/about/

[2] https://consumercapitaladvocates.net/capital-advocates-for-you/

14. Global Client Solutions claims to have made nine payments of $200 to Capital One on behalf of the debtor, for a total of $1,800.

15. The defendant charged the debtor $3,503.70 in various fees.

16. The debtor's Global Client Solutions account was closed around September 26, 2019, although fees were still charged after that date.

17. Global Client Solutions claims it refunded the remaining $899.82 to the debtor around October 2, 2019.

18. On December 30, 2020, the Worthingtons filed a bankruptcy petition in chapter 7.[3]

19. The debtors' schedules include the Capital One account on which the defendant claims to have made payments to resolve.[4]

20. Meanwhile, in April 2019, the defendant agreed not to provide any more unlicensed debt management service in Kansas and this Court entered an Order to ensure that.[5]

21. Yet after April 2019 the defendant continued to debit the debtor's bank account without registering in Kansas.

---

[3] Main Case, Doc. #1.

[4] *Id.* at 25 ln. 4.12.

[5] *See In re Williamson*, Bankr. D. Kan. Case No. 19-20023, Doc. #27 at ¶5.

22. The defendant's conduct violated this Court's Order in *Williamson*.

### III. Claims for relief

**Count 1: Contempt Under 11 U.S.C. § 105(a)**

23. The United States Trustee incorporates all other paragraphs of this Complaint.

24. Under 11 U.S.C. § 105(a) "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

25. The Court has both statutory and inherent powers to impose sanctions for contempt, including compensatory damages and other sanctions to ensure compliance with its orders.

26. The defendant's conduct here is unlicensed debt-management service as defined by Kansas law. The defendant is not registered with the Office of the State Bank Commissioner of Kansas as required by the

Kansas Credit Services Organization Act.[6] Nor has the defendant shown that it is associated with an individual licensed to practice law in Kansas to be exempt from that Act.

27. Any violation of the KCSOA is deemed to be a deceptive act or practice under the Kansas Consumer Protection Act. The defendant has engaged in deceptive acts or practices in connection with a consumer transaction in violation of K.S.A. 50-626, and the defendant engaged in an unconscionable act or practice in connection with this consumer transaction with the debtor. Here, the debtor was unable to receive a material benefit from the debt resolution program. Despite paying more than $6,000 to the defendant, no debt was resolved—surely because more than half was kept by the defendant. The debtor still had to file for bankruptcy, and the only creditor who was paid anything by the defendant was still a creditor in the bankruptcy.

28. The defendant was aware of this Court's order as it approved and signed the order.

29. The defendant did not respond to correspondence from the United States Trustee raising these issues. It had ample time to comply

---

[6] K.S.A. 50-1117 *et seq*.

with this Court's order. As a result, the Court should hold Consumer Capital Advocates, LLC in contempt and grant relief the Court finds appropriate.

30. Since the defendant's contract with the debtor is in violation of this Court's order and in violation of Kansas law, the Court should order the defendant to pay all the money it received from the debtor under the contract to the chapter 7 trustee as that is property of the estate.

31. In addition, since the defendant's contract with the debtor is in violation of this Court's order, the Court should order the defendant to pay a fine or civil penalty to deter future violations of this Court's order. An appropriate amount would be that authorized by the KCPA—up to $10,000 per violation—to be paid to the chapter 7 trustee or the United States Trustee Program as the Court determines.

**IV. Conclusion**

To summarize, the United States Trustee asks that the Court enter judgment against Consumer Capital Advocates, LLC, granting the following relief:

a. Under 11 U.S.C. § 105(a), an order requiring CCA to pay $6,203.52—less any amounts already refunded—to the chapter 7 trustee.

b. Under 11 U.S.C. § 105(a), an order requiring CCA to pay a fine in an amount set by the Court—up to $10,000 for each violation—to the chapter 7 trustee or the United States Trustee Program.

c. The costs of bringing this complaint.

d. Any other relief the Court finds appropriate.

Respectfully submitted,

ILENE J. LASHINSKY,
UNITED STATES TRUSTEE

By: *Richard A. Kear*, #20724
Trial Attorney
301 N. Main St., Suite 1150
Wichita, KS 67202
316-269-6213 (phone)
Richard.Kear@usdoj.gov